[Cite as *Lawrence v. Gilby's Pizza Craven, L.L.C.*, 2026-Ohio-1797.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

David Lawrence, et al.                                Court of Appeals No.  H-25-025

    Appellees                                     Trial Court No.  CVH 2025-486

v.

Gilby's Pizza Craven LLC., et al.              **DECISION AND JUDGMENT**

    Appellants                                    Decided: May 15, 2026

* * * * *

Bryan Lamb, for appellees.

Brian Donnamiller, for appellants.

* * * **

**DUHART, J.**

{¶ 1} This case is before the court on appeal from the October 2, 2025 judgment of the Huron County Common Pleas Court.  Because the trial court failed to hold a hearing, as required by statute, we reverse and remand for further proceedings.

**Assignment of Error**

The trial court committed a revers[i]ble error in finding that Chapter 2747 was inapplicable to the claim of defamation as asserted in the Plaintiffs/Appellees' Complaint.

## Background

{¶ 2} On July 21, 2025, appellees, David and Donna Lawrence, filed a complaint alleging that they executed a "Purchase Agreement" with appellants, Gilby's Pizza Craven LLC and Bradley Gilbert, whereby appellees were identified as the sellers and appellants were identified as the purchasers, and that controversies had arisen regarding the purchase agreement. Appellees' complaint includes a claim seeking a declaratory judgment that the purchase agreement is void and an order for appellants to vacate the premises (Count 1), a claim for defamation (Count 2), and a request for emergency injunctive relief "ordering [appellants] to cease posting false and defamatory statements online, or anywhere publicly, regarding [appellees'] businesses and personal information" (Count 3). The defamation claim includes the following allegations:

> 23. [Appellees] own and operate the business Scoops and Brews located at 78 Benedict Ave., Norwalk, Ohio, which is next door to Gilby's Pizza Cravin.[1]
> 24. Scoops and Brews was opened at its location in March, 2025.
> 25. In April, 2025, [appellants] began posting online commentary to the Facebook page "the real talk of Norwalk" about [their] frustration with [appellees].
> 26. [Appellants] falsely and recklessly made statements about the damage to the property at 64 Benedict Ave., and the nature of the part[ies'] conversations regarding the property.
> 27. Subsequently, the public seeing [appellants'] Facebook posts wanted to know the identity of the [appellees] and a copy of [appellees'] identity, businesses, and personal address were posted [on] the "real talk of Norwalk" Facebook page under [appellants'] comments.
> 28. On April 17, 2025, the undersigned counsel mailed a cease-and-desist letter to [appellants] demanding [they] stop the above harassing and defamatory behavior. . . .

---

[1] We note that Craven is sometimes spelled Craven, and sometimes Cravin. In our quotes, we have used the spelling used by the parties.

2.

29. However, [appellants] continued to post false statements to the public online Facebook page regarding [appellees].
30. Public responses to [appellants'] posts clearly show that [appellees] lost business at Scoops and Brews because of [appellants'] online comments.
31. Members of the general public have come to [appellees'] business, Scoops and Brews, questioning [appellees] about Gilby's Pizza Cravin, the building at 64 Benedict Ave., Norwalk, Ohio.
32. [Appellants] published false and reckless statements regarding the [appellees] to the public via a Facebook page.

{¶ 3} On September 26, 2025, appellants filed a Motion to Dismiss and Stay Pursuant to ORC Chapter 2747. On October 2, 2025, the trial court found that R.C. Chapter 2747 did not apply to Count 2 and summarily dismissed appellants' motion to dismiss.

{¶ 4} Appellants appealed.

### R.C. Chapter 2747 or Uniform Public Expression Protection Act

{¶ 5} Effective April 9, 2025, the Uniform Public Expression Protection Act ("UPEPA") was codified in Ohio in R.C. Chapter 2747. The UPEPA applies to certain causes of action asserted against a "person" in a civil action, including a cause of action based upon "[t]he person's exercise of the right of freedom of speech . . . on a matter of public concern." R.C. 2747.01(B)(3). "Not later than sixty days after a party is served with a complaint, cross-claim, counterclaim, third-party claim, or other pleading that asserts a cause of action to which [Chapter 2747] applies, the party may file a motion for expedited relief to dismiss the civil action or claim." R.C. 2747.02. Once a motion for expedited relief is filed, the court is required to conduct a hearing not later than 60 days

3.

after the filing of the motion, unless the court orders a later hearing to allow for limited discovery or for other good cause. R.C. 2747.04(A)(1). The court must then rule on the motion for expedited relief within 60 days of the hearing, and must "consider the pleadings, the motion, any response to the motion, and any evidence that could be considered in ruling on a motion for summary judgment." R.C. 2747.04 (B) and (D). The court must "dismiss with prejudice a cause of action, or part of a cause of action, if all of the following apply:

> (1) The moving party establishes that the cause of action is based on a communication or action described in division (B) of section 2747.01 of the Revised Code.
> (2) The responding party fails to establish that this chapter does not apply to the cause of action due to an exception in division (C) of section 2747.01 of the Revised Code.
> (3) Either the responding party fails to establish a prima-facie case for each essential element of the cause of action or the moving party establishes one of the following:
> (a) The responding party failed to state a cause of action upon which relief can be granted.
> (b) There is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the cause of action or part of the cause of action.

R.C. 2747.04. If the court grants a motion for expedited relief, the moving party is entitled to "reasonable attorney's fees, court costs, and other reasonable litigation expenses." R.C. 2747.05(A).

## Analysis

{¶ 6} We find that the trial court did not conduct a hearing, as required by R.C. 2747.04(A)(1). We therefore reverse the judgment of the Huron County Common Pleas

4.

Court and remand for the trial court to conduct a hearing on appellants' motion. Pursuant

to App.R. 24, appellees are hereby ordered to pay the costs incurred on appeal.

Judgment reversed and remanded.

A certified copy of this entry shall constitute the mandate pursuant to
App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.

JUDGE

Myron C. Duhart, J.

JUDGE

Charles E. Sulek, J.
CONCUR.

JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final
reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.